## IN THE UNITED STATES DISTRIC COURT
## CENTRAL DITRICT OF ILLINOIS
## PEORIADIVISION

| | |
|---|---|
| ILLINOIS AGRICULTURAL ASSOCIATION<br>    Plaintiff<br><br>v.<br><br>RURAL MEDIA GROUP, INC. and SIRIUS XM RADIO INC.<br>    Defendants. | Case No. 13-1220 |

### <u>ORDER</u>

Now before the Court is the Plaintiff Illinois Agricultural Association's Motion to Quash Deposition Subpoena and for Protective Order ([Doc. 54](Doc. 54)). For the reasons stated herein, the Motion is DENIED.

In this lawsuit, the Plaintiff alleges willful and intentional violations of its trademarks protected under federal and state law by the Defendant, Rural Media Group, Inc. (RMG). The Defendant argues that the Plaintiff acted unreasonably and failed to mitigate its damages by immediately commencing this litigation without first contacting RMG about the dispute over its alleged infringement of IAA's trademarks. The Defendant also states that key issues have emerged in this case relating to the Plaintiff's conduct in its discussions with RMG in March, April, and May of 2013 regarding the decisions to initiate this lawsuit and to prosecute it to its fullest extent despite RMG's instant cooperation and stated desire to promptly resolve the suit. The Plaintiff seeks to quash a subpoena for the deposition of IAA's

former president, Philip Nelson, whom the Defendant argues was involved during each material step of discussions between IAA and RMG that occurred in March, April, and May of 2013.

The Plaintiff seeks an order quashing Nelson's deposition subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3) which provides, among other things, that the Court must quash a subpoena that "requires disclosure of privileged or other protected matter . . . or subjects a person to undue burden." Federal Rule of Civil Procedure 26(b)(2) simultaneously provides for limitations on the extent of discovery where the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other more convenient source, the party seeking the information had ample opportunity to obtain it during the action, or the burden or expense of the sought after discovery outweighs its benefit. FRCP 26(b)(2)(C)(i) ,(ii), (iii).

As for the Plaintiff's privilege argument, the Court is not convinced that on that basis, the Defendant should not be allowed to depose Nelson. In *Hunt Int'l Resources Corp. v Binstein*, the district court explained that rather than preclude an attorney's deposition entirely based upon attorney-client privilege, "the better procedure . . . would be to allow [the attorney's] deposition to proceed and for any claims of privilege to be resolved during the course of his examination." 98 FRD 689, 691 (ND Ill 1983). The Seventh Circuit has looked upon the rationale in *Hunt* and other cases in accord with that rationale with favor. *See NLRB v Modern Drop*

*Forge Co.*, 108 F.3d 1379, at *3 (collecting cases). Accordingly, this Court finds that the Plaintiff is not entitled to entirely preclude Nelson's deposition based upon privilege.[1]

The Plaintiff's contention that Nelson's deposition subpoena should be quashed and a protective order entered based upon expense, burden, and cumulativeness fares no better. While the Plaintiff argues the expense of taking Nelson's deposition to be too great, it does not explain why that would be so. The Defendant points out that Nelson resides in Illinois and that IAA has litigation counsel in Peoria, Illinois. Notably, Nelson is IAA's *former* president. Moreover, while the Plaintiff says that Nelson does not have any unique or superior knowledge of any material facts, the documents submitted by Defendants at least suggest otherwise. The statements Nelson made in his Affidavit attached to the Plaintiff's Memorandum in Support of its Motion to Quash (Doc. 55-1 at p. 1) do not definitively provide that he does not have information on the issues for which the Defendant seeks to depose him.

The documents submitted by the Defendant indicate that Nelson's deposition is not sought to harass a high level executive (a former one, at that) without any personal knowledge of the matters at issue here. *See Berning v UAW Local 2209*, 242

---

[1] Without a copy of the transcript from Chris Magnuson's deposition which apparently indicates IAA's counsel's stipulation to waiver of the attorney-client privilege on the record with respect at least to communications and advice from its Assistant General Counsel, Andrew Bender, the Court will not address the Defendant's position in its Response to the Motion to Quash that such as waiver was made. *See* (Doc. 58 at p. 7).

3

FRD 510, 514 (ND Ind 2007) (protective order warranted precluding the deposition of the International UAW's president, who oversaw more than 600 employees and who specifically identified some responsibilities he had at the time his deposition was sought, where his position made him vulnerable to unwarranted harassment); *Meharg v I-Flow Corp.*, 2009 WL 1404603, at *3 (SD Ind May 15, 2009) (considering the totality of the circumstances and concluding that the defendant's president and CEO could be deposed even though deposing him was possibly more burdensome because of his position).

Here, the totality of the circumstances does not necessitate that the Motion to Quash and for Protective Order be granted. See *Patterson v Avery Dennison Corp.*, 281 F3d 676, 681 (7th Cir 2002) (explaining that a district court should consider the totality of the circumstances before restricting discovery in a particular case). Nevertheless, the parties may contact the Court to schedule a conference call to promptly resolve any disputes concerning the extent of questions asked of Nelson during his deposition. The Motion to Quash Deposition Subpoena and for Protective Order (Doc. 54) is DENIED.

Entered on April 8, 2014.

s/Jonathan E. Hawley<br>
U.S. MAGISTRATE JUDGE