E-FILED
Monday, 09 November, 2026 02:47:39 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| ILLINOIS AGRICULTURAL ASSOCIATION,<br>Plaintiff,<br><br>v.<br><br>RURAL MEDIA GROUP, INC.<br>Defendant. | Case No. 1:13-cv-1220-JEH-RLH |

**Order**

Now before the Court are Plaintiff Illinois Agricultural Association's Motion to Order Rural Media Group, Inc. to Show Cause Why It Should not be Held in Contempt (D. 141) and Defendant Rural Media Group, Inc.'s Motion to Strike and, in the Alternative, Motion for Extension of Time to File Opposition to Motion to Show Cause (D. 146).[1] For the reasons set forth *infra*, the Plaintiff's Motion is DENIED and the Defendant's Motion is GRANTED.

**I**

Plaintiff Illinois Agricultural Association (IAA) originally filed its Complaint for Injunctive and Other Relief (D. 1) on May 13, 2013 against Defendant Rural Media Group, Inc. (RMG)[2], invoking federal question jurisdiction pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. § 1338. Plaintiff IAA claimed Defendant RMG committed federal trademark infringement, false designation of origin, violation of the Illinois Consumer Fraud and Deceptive

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."
[2] Plaintiff IAA also named as a defendant Sirius XM Radio, Inc. On June 27, 2013, all claims against Defendant Sirius XM were dismissed with prejudice. 6/27/2013 Order (D. 36).

Practices Act, 815 Ill. Comp. Stat. 505/2, and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2.

On June 3, 2013, Plaintiff IAA and Defendant RMG submitted and the Court signed and entered a "Stipulation and Order" (D. 31). That Stipulation and Order provided Defendant RMG:

> will not announce, advertise, promote, launch, disseminate, provide or broadcast a radio channel, station or broadcasting service, or programming and content therefor, whether through radio media or other means of transmitting radio programming including the internet, under the "Radio RFD" name, or any name, mark, call-sign or other source identifier that is confusingly similar to any of IAA's RFD Marks.

6/3/2013 Stipulation and Order (D. 31 at ECF p. 1). It further provided: how RMG may use its pre-existing "RFD-TV" Marks; that RMG agreed "it will not use the "RFD-TV" Marks in the name of the radio channel or as the name of any radio channel programming or programming segment"; that subject to the Stipulation and Order, RMG may share content as specified therein and may use the names of any of its media properties or programming as specified therein; and that RMG "will not use the 'RFD-TV' Marks in connection with the radio channel in a way that is likely to cause confusion regarding the name, source or sponsorship of the radio channel . . . ." *Id.* at ECF pp. 1-2. The Court ordered that RMG "shall comply with [the] Stipulation and Order", and the Court "shall have jurisdiction to enforce [the] Stipulation and Order." *Id.* at ECF p. 2.

On December 23, 2014, the parties reported this case as settled, and the Court ordered the parties to file a stipulation of dismissal. On December 29, 2014, Plaintiff IAA and Defendant RMG filed a Joint Motion for Entry of Second Stipulation and Order (D. 139). The Joint Motion explained "[a]ll matters in dispute between the Parties to the above-captioned cause have been satisfactorily

comprised [sic] and settled", and, although the terms of the settlement and the Settlement Agreement were confidential, the parties stipulated to the non-confidential terms set out in the Joint Motion. Those terms included that the parties would move this Court to have continuing jurisdiction to enforce the first Stipulation and Order, even after dismissal of this litigation with prejudice, and all disputes, claims, motions or allegations of breach of the Stipulation and Order "shall be raised exclusively to the Court." 12/29/2014 Joint Mot. (D. 139 at ECF p. 1). Finally, the Joint Motion included the parties' request that this cause be dismissed with prejudice, with each party to bear its own costs and fees. *Id*. at ECF p. 2.

The Second Stipulation and Order of Dismissal (D. 140) was signed and entered by the Court on January 5, 2015. The following is the entirety of what is contained in Plaintiff IAA and Defendant RMG's Second Stipulation and Order of Dismissal:

> In consideration of the Joint Motion for Entry of Second Stipulation and Order of Plaintiff Illinois Agricultural Association ("IAA") and Defendant Rural Media Group, Inc. ("RMG") (collectively, "the Parties"), this Court hereby orders, and the Parties hereby stipulate, as follows:
>
> 1. The Stipulation and Order (Doc. 31) executed by the Parties and the Court on June 3, 2013 and e-filed in this action at 12:59:57 PM, inclusive of all covenants, terms and conditions of same, is hereby made permanent and shall survive dismissal of this action.
>
> 2. The Parties shall comply with this Second Stipulation and Order, which incorporates the Stipulation and Order (Doc. 31) by its terms, and the Court shall have continuing jurisdiction to enforce same.
>
> 3. All disputes, claims, motions or allegations of breach of this Second Stipulation and Order, which incorporates the Stipulation and Order (Doc. 31) by its terms, shall be raised exclusively to this Court.

> 4. Subject to the foregoing continuing jurisdiction to enforce this Second Stipulation and Order, which incorporates the Stipulation and Order (Doc. 31) by its terms, this case is hereby dismissed with prejudice, each party to bear its own costs.

2d Stipulation and Order of Dismissal (D. 140). This case was terminated on January 5, 2015.

**II**

On May 20, 2026, Plaintiff IAA filed its Motion to Order Rural Media Group, Inc. to Show Cause Why It Should Not be Held in Contempt (D. 141). Plaintiff IAA argues Defendant RMG has violated the Court's "Order" first entered on June 3, 2013 and then made permanent on January 5, 2015 by re-branding itself as "RFD Network" which encompasses not only RMG's TV and TV-related activities, but also the very radio network that prompted this lawsuit in 2013. Plaintiff IAA further argues that RMG now apparently seeks to create an "RFD"-themed brand by using the "RFD" as the common prefix in the identifying marks for several of its services. Accordingly, the Plaintiff argues Defendant RMG should be ordered to show cause why it should not be found in contempt of the Court's June 3, 2013 and January 5, 2015 Orders.

On June 3, 2026, Defendant RMG filed its Motion to Strike and, in the Alternative, Motion for Extension of Time to File Opposition to Motion to Show Cause (D. 146). RMG argues that pursuant to controlling Seventh Circuit case law, this Court lacks subject matter jurisdiction because the January 5, 2015 Order dismissed this action with prejudice. In Plaintiff IAA's Corrected Opposition to Defendant's Motion to Strike (D. 149), it says the 2013 Stipulation and Order is a judicial order entered on the Court's docket, containing prospective injunctive commands, and made permanent by another judicial order in 2015 (the Second Stipulation and Order), and, thus, is a textbook definition of a consent decree

which federal courts have inherent and continuing authority to enforce through contempt. On August 24, 2026, Defendant RMG went ahead and filed its Memorandum in Opposition to Motion to Show Cause (D. 155). In its Opposition, it argues it did not violate the Court's "Order" (per RMG, the parties' Stipulation and resulting Order incorporating the Stipulation) and is in substantial compliance with the "Order" and has made a reasonable and diligent effort to comply.

On October 22, 2026, Plaintiff IAA filed a Notice of Order and Opinion and Preliminary Injunction Order in Related Case and Request to Take Judicial Notice (D. 157). The Notice brought to the Court's attention that an Order and Opinion was entered in *Illinois Agricultural Association v. Rural Media Group, Inc.*, No. 1:26-cv-01208-MMM-RLH (C.D. Ill.). That case, involving the exact two parties that are currently engaged in motion practice in *this* case, was filed in this federal district on May 19, 2026, one day before Plaintiff IAA filed its Motion to show cause in this case. The Order and Opinion in that case granted IAA's request for a preliminary injunction upon finding IAA established a likelihood of success on the elements of a federal cause of action for trademark infringement under the Lanham Act. *See* FED. R. EVID. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

**III**

The Court must first address Defendant RMG's argument that the Court should strike the Motion for an order to show cause because the Court lacks subject matter jurisdiction in this case at this point. While Plaintiff IAA is correct that Federal Rule of Civil Procedure 12(f) provides a court may strike various matters from a "pleading," and the Motion for an order to show cause is not a pleading, that does not prevent the Court from considering whether to deny the Motion due

to lack of subject matter jurisdiction. *See* FED. R. CIV. P. 7(a) (listing what "pleadings" are allowed: a complaint, an answer to a complaint, and answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the court orders one, a reply to an answer). After all, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived . . . Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (internal citations omitted).

The Court's January 5, 2015 Second Stipulation and Order states, point blank, "Subject to the foregoing continuing jurisdiction to enforce this Second Stipulation and Order, which incorporates the Stipulation and Order (D. 31) by its terms, this case is hereby *dismissed with prejudice*, each party to bear its own costs." 2d Stipulation and Order (D. 140 at ECF p. 2) (emphasis added). "Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). In that regard, it is firmly established that a court cannot retain jurisdiction to enforce a settlement agreement in cases dismissed with prejudice unless the parties seek a consent decree in compliance with Federal Rule of Civil Procedure 65(d). *See id.* at 381 (explaining that parties can seek to provide for the court's enforcement of a dismissal-producing settlement agreement if they wish to do so in the ways articulated within that Supreme Court opinion); *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) (citing *Kokkonen*, 511 U.S. at 380-81) ("A settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has not been dismissed with prejudice), is enforced just like any other contract.").

Here, Plaintiff IAA insists the Court entered a consent decree in this case – the 2013 Stipulation and Order (D. 31) made permanent by the Court's 2015 Second Stipulation and Order (D. 140). "A consent decree is a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *U.S. v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). "When parties reach a settlement and petition the Court to enforce the agreement and retain jurisdiction pursuant to a consent decree, courts generally do so by issuing orders that 'serve as an injunction under [Federal Rule of Civil Procedure] 65(d)' according to the terms of the agreement." *Hum. Rts. Def. Ctr. v. Peoria Cnty., Ill.*, No. 1:25-cv-01369-JEH-RLH, 2025 WL 2999660, at *1 (C.D. Ill. Oct. 25, 2025) (quoting *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006)). Under Rule 65(d), an order granting an injunction must: "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail - and not by referring to the complaint or other document – the act or acts restrained or required." FED. R. CIV. P. 65(d)(1)(A)-(C).

Plaintiff IAA is wrong. A consent decree was not entered in this case. The January 5, 2015 Second Stipulation and Order nowhere includes the words "consent" or "decree," nor does the June 3, 2013 Stipulation and Order. Neither the first nor the Second Stipulation and Order state the reasons why the injunction issued. The Second Stipulation and Order does, as Rule 65(d)(1)(C) *disallows*, refer to another document – the June 3, 2013 Stipulation and Order.[3] What was entered in this case on January 5, 2015 was merely an order which dismissed this case *with* prejudice and left the Court *without* jurisdiction to enforce the parties' Settlement Agreement. The Court notes the conduct of which Plaintiff IAA complains in this case and for which it sought relief here is the same as that IAA complains of in its

[3] As shown earlier herein, Paragraphs 1, 2, 3, and 4 of the Second Stipulation and Order refer to the first Stipulation and Order executed by the parties and the Court on June 3, 2013.

2026 case in this federal district and for which it recently obtained preliminary injunctive relief in that case against Defendant RMG.[4]

**IV**

For the reasons set forth *supra*, Plaintiff Illinois Agricultural Association's Motion to Order Rural Media Group, Inc. to Show Cause Why It Should not be Held in Contempt (D. 141) is DENIED as the Court was divested of subject matter jurisdiction in this case on January 5, 2015. Defendant Rural Media Group, Inc.'s Motion to Strike and, in the Alternative, Motion for Extension of Time to File Opposition to Motion to Show Cause (D. 146), construed as a response in opposition to the Plaintiff's Motion, is GRANTED.

Should a party file a motion to reconsider which this Court denies, it may enter an Order to Show Cause why the losing side(s) should not pay the attorney fees of the winning side(s) if the Court concludes that the motion did not raise new issues or arguments that could have been raised when filing the original motion.

This case remains closed.

*It is so ordered.*

Entered on the 9th day of November 2026.

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

[4] The Court acknowledges Defendant RMG filed a Notice in this case that it appealed the Order and Opinion and Preliminary Injunction Order entered in Case No. 26-1208 to the Seventh Circuit on October 30, 2026. Def.'s Notice (D. 158).